NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2186

| | |
|---|---|
| DAVID R. JOHNSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 3096 |
| ILLINOIS COURT OF CLAIMS, *et al*. | |
|     *Defendants-Appellees*. | Edmond E. Chang, *Judge*. |

**O R D E R**

David Johnson appeals the dismissal of his civil rights action brought against the Illinois Court of Claims, its judges, and its clerks, alleging that the tribunal violated his right to due process when it denied his motion for a default judgment in a suit before it. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Johnson filed suit in the Illinois Court of Claims, seeking millions of dollars in damages related to an allegedly wrongful traffic stop. He contended that he was entitled to a default judgment under Illinois law because the defendants did not timely file an answer. But the tribunal denied his motion for a default judgment and permitted the defendants to file a late motion to dismiss.

Johnson then filed this suit under 42 U.S.C. § 1983 in the federal district court alleging that the Court of Claims violated his right to due process by denying his motion for default judgment and "tampering" with the docket to permit late filing. A week later, he petitioned for a temporary restraining order to enjoin the Court of Claims essentially to reverse its decision to permit the late filing and enter judgment in his favor.

The district court denied Johnson's motion for a temporary restraining order because he had not shown either that he would suffer immediate irreparable harm if relief was not granted or that he was likely to prevail on the merits of the underlying action. The court acknowledged that § 1983 authorizes federal courts to issue an injunction against state-court proceedings, but it concluded that principles of federalism counseled against its intervention in an ongoing state court proceeding absent a showing that the tribunal acted in bad faith.

The district court ordered Johnson to show cause why his case should not be dismissed given that injunctive relief would not be permitted without a showing of bad faith and that his "tampering" allegations against the Court of Claims did not state a plausible claim. Johnson responded by reiterating his accusations that the Court of Claims acted in bad faith when it extended the defendants' filing deadline and tampered with its docket to permit the filing. But the court concluded that neither example alleged a plausible instance of bad faith, so it dismissed the case.

On appeal Johnson generally challenges the district court's conclusion that he had not alleged bad faith sufficient to justify federal intrusion into a state-court proceeding. The district court, however, properly invoked the principles of equity, comity, and federalism that restrain federal courts in a § 1983 action from intruding on state-court proceedings. *Felder v. Casey*, 487 U.S. 131, 138, 147 (1988); *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); *O'Keefe v. Chisholm*, 769 F.3d 936, 937, 940 (7th Cir. 2014). Johnson's proposed injunction would dictate to a state tribunal how it must manage its procedural rules, but states may prescribe rules of procedure governing litigation in their own tribunals, and the federal courts will defer to such prescription. *Felder*, 487 U.S. at 138, 147; *Christensen v. Cnty of Boone, Ill.*, 483 F.3d 454, 465 (7th Cir. 2007); *see, e.g., SKS & Assocs. v. Dart*, 619 F.3d 674, 676, 682 (7th Cir. 2010) (abstention doctrine required federal court to deny

claim for equitable relief from enjoining state court to speed up adjudication of pending actions).

To the extent that the abstention doctrine does not prevent federal courts from enjoining state proceedings that involve bad faith, a plaintiff must show that he has no adequate remedy at law in the state proceedings. *See, e.g., Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 818 (7th Cir. 2014); *SKS*, 619 F.3d at 676, 679, 680; *Collins v. Kendall Cnty., Ill.*, 807 F.2d 95, 98 (7th Cir. 1986). Johnson has an adequate remedy at law: he may pursue a timely appeal in the state proceedings.

We have considered Johnson's remaining arguments, and none has merit.

AFFIRMED.